

AO 91 (Rev. 11/11) Criminal Complaint

Special Agent:     John Kraemer          Telephone:  (313) 226-1894

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America

v.

Jyde Adelakun

Case No.

Case: 2:20-mj-30135
Judge: Unassigned,
Filed: 03-17-2020 At 04:05 PM
IN RE:SEALED MATTER (CMP)(MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____June 2018 through September 2018____ in the county of ____Wayne____ in the

____Eastern____ District of ____Michigan____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 1344 | Bank Fraud |
| 18 U.S.C. § 1349 | Conspiracy |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent John Kraemer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
*Judge's signature*

Date  __March 17, 2020__

City and state:  __Detroit, MI__

U.S. Magistrate Judge Anthony P. Patti
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John Kraemer being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

(1)     I am a Special Agent (SA) employed by the United States Department of Homeland Security, United States Secret Service, (USSS) assigned to the Detroit Office of the Special Agent in Charge. I have been so employed since March 2018 and am currently assigned to the Electronic Crime Task Force.  My duties and responsibilities as a Special Agent include investigating violations of the United States Code concerning bank fraud and cyber-crime.  I have conducted numerous criminal investigations and more specifically, I have been trained in the methods and traits commonly associated with bank and computer fraud.  The information contained in this affidavit is based on my training, experience, and participation in financial crime investigations, as well as personal observations during the course of this investigation,

3

information received from other law enforcement officers, and information provided by bank investigators and others who have personal knowledge of the events and circumstances described herein.

(2)    I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, of the United States Code. I am authorized to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

(3)    This affidavit is made in support of a criminal complaint and arrest warrant for JYDE ADELAKUN for violating 18 U.S.C. §§ 1343 (wire fraud), 1344 (bank fraud), and 1349 (conspiracy).

(4)    This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant and does not contain every fact that I have learned during the course of the investigation. I have only set forth the facts necessary to establish probable cause to believe that ADELAKUN violated the statutes identified above.

## PROBABLE CAUSE

4

(5)     In September 2018, the United States Secret Service ("USSS") was contacted by Fifth Third Bank concerning Vantiv Worldpay ("Worldpay"), a global payment processing company, to report a suspected fraud in excess of $15,000,000.00 that had been perpetrated against Worldpay, resulting in a total loss to Worldpay in excess of $12,000,000.00.

(6)     The USSS opened an investigation into the alleged fraud. Through that investigation, the USSS has learned that Touch of Fame Group Company ("Touch of Fame"), by and through ADELAKUN and others, committed a scheme to defraud that exploited a loophole in Worldpay's electronic check ("eCheck") processing system.

## Touch of Fame Business

(7)     Touch of Fame was registered in the State of Georgia in 2010.

(8)     As of August 2019, ADELAKUN was listed as the Chief Executive Officer with an address of 100 Bull St., Suite 400, Savannah,

Georgia 31401.

(9)   A person with the initials O.O. was listed as Secretary, with an address in Providence, Rhode Island.

(10)   In June 2019, a person with the initials C.O. was listed as Chief Financial Officer with an address of 400 Renaissance Center, Suite 2600, Detroit, Michigan. Based on this investigation, this address appears to be a temporary office space, with no permanent installations related to Touch of Fame.

## The Scheme to Defraud

(11)   Worldpay is a payment processing company that has offices throughout the United States and the world. Worldpay is partially owned by Fifth Third Bank. According to its website, Worldpay processes payments for merchants and financial institutions, and also provides other business consumer services.

(12)   Touch of Fame registered as a merchant with Worldpay for use of Worldpay's payment processing services in August 2018. At that time, Touch of Fame designated Fifth Third Bank account number XXXXXX6656 as the account to receive its eCheck payments.

6

(13)   In some cases, Worldpay will send funds to a merchant's account prior to validating that the funds are available from the customer. This is known as an advanced payment. For example, during the time period in question, it typically took Worldpay six days to process electronic checks and verify that the funds are available, but Fifth Third would credit accounts with the electronic check deposits in less than six days.  If a check was ultimately determined to be fraudulent by Worldpay, the chargeback did not occur until the sixth day.  Worldpay processed all of Touch of Fame's eCheck payments using this advanced payment method. This means that the funds would become available in Touch of Fame's designated Fifth Third Bank account almost immediately after Worldpay's receipt of an eCheck.

(14)   The scheme perpetrated against Worldpay and Fifth Third involved the use of fraudulent electronic checks ostensibly drawn on a fictitious account at the Bank of New York Mellon. Participants in this scheme were able to run fraudulent checks through the Worldpay merchant account system and cause funds to be deposited and/or transferred into bank accounts at Fifth Third and Citizens Bank.

7

(15)   C.A., a corporate investigator for Fifth Third, has reported that from August 14 – August 31, 2018, Touch of Fame Group ran approximately 329 fraudulent electronic checks, through Worldpay via an electronic check processing terminal registered in Georgia. The electronic checks processed through this terminal totaled approximately $46 million dollars.  The terminal in question has the same listed address in Georgia as the Touch of Fame Group business address, 100 Bull St., Suite 400, Savannah, Georgia.  Your affiant has further learned that the registered owner of this check cashing terminal is a victim of identity theft.

(16)   In June and July 2018, C.O. opened bank accounts at Fifth Third held in the name of Touch of Fame Group Company.  The main accounts used in the scheme to defraud were Fifth Third Account XXXXXX2405 (Fifth Third 2405) and XXXXXX6656 (Fifth Third 6656).

(a)   On June 19, 2018, C.O. opened Fifth Third 6656 at Fifth Third Bank in Grosse Pointe Park, Michigan, with a $100.00 deposit. The account was opened in the name of Touch of Fame Group Company, and C.O. is the sole

8

signatory on the account. A review of bank records of this account does not show any deposits from Worldpay during the months of June and July 2018. From August 16, 2018 through September 6, 2018, Fifth Third 6656 received approximately $15,301,166.25 in illegally acquired fraudulent funds from Worldpay.

(b) On July 20, 2018, C.O. opened Fifth Third 2405 with a $100.00 deposit. The account was opened in the name of Touch of Fame Group Company, and C.O. is the sole signatory on the account. Bank records show that there were approximately 16 transfers from Fifth Third 6656 to Fifth Third 2405 in August and September 2018, totaling approximately $12,004,000. For the month of August 2018, there were approximately twenty-four outgoing wires from Fifth Third 2405 totaling approximately $7,388,923.00. The majority of these outgoing wires went to international destinations, including, but not limited to: Cape Town, Africa; Lagos, Nigeria; and Dubai, United

9

Arab Emirates (UAE).

(c) In addition to the international wires, five transfers were made from Fifth Third 2405 to Account XXXX7788 at Citizens Bank (Citizens 7788) from August 22, 2018 through September 6, 2018, totaling $548,220.00. Citizens 7788 was held in the name of O.O.

(17) Once the funds were in the Fifth Third accounts and available (but before the six-day window was up that would determine they were fraudulent), C.O. authorized multiple wire transfers to other financial institutions, including overseas financial institutions. Out of the $46 million dollars of fraudulent electronic checks that were attempted, approximately $15.3 million dollars of funds were illegally obtained by ADELAKUN, C.O., and others associated with Touch of Fame Group.

(18) C.O. has stated to USSS agents that the accounts at Fifth Third Bank were set up as a result of instructions provided to her by ADELAKUN. Additionally, I have reviewed text messages on C.O.'s cell phone on her "WhatsApp" platform that confirm that ADELAKUN

was providing C.O. with instructions to set up the accounts at Fifth Third in order to receive the proceeds of the fraud scheme. C.O. also has stated to USSS agents that in addition to using WhatsApp to communicate with ADELAKUN, they had conversations over the phone. These phone conversations were for the purpose of ADELAKUN instructing C.O. on what type of transfers to make and also advise C.O. on the amounts to be wired into the various accounts.

(19)   Bank records show that on August 30, 2018, $865,000.00 was wired from Fifth Third 2405 to an account associated with Jyde ADELAKUN in Dubai, UAE.  On September 5, 2018, $865,000.00 was wired from Fifth Third 2405 to a bank account in Dubai, UAE also associated with ADELAKUN.  The owner of the account is listed as PY Mwenze.  Based on the bank records showing Deposits from Fifth Third 2405 into accounts owned by Mwenze and the fact that both Mwenze and Adelakun were arrested in the UAE on money laundering charges, your affiant believes Mwenze is an associate of ADELAKUN.

(20)   Bank records also show multiple wire transfers from Fifth Third 2405 to accounts in Cape Town, South Africa.  The name on the

account receiving these fraudulent funds from Fifth Third 2405 was Jyde International Trust. Your affiant believes this account is also owned by Jyde ADELAKUN. In total, approximately $11,778,000.00 was wired from Fifth Third 2405 to multiple overseas accounts that your affiant believes are owned and/or associated with ADELAKUN.

(21) In February of 2020, your affiant learned that Jyde ADELAKUN and Patrick Mwenze were arrested by law enforcement authorities in the UAE. These charges were related to the investigation currently being conducted by your affiant and other USSS personnel.

(22) Your affiant further notes that ADELAKUN was a subject of a USSS investigation into a similar fraud in 2015 with Bank of America accounts. ADELAKUN, who resides in South Africa, was originally arrested in London, England, but was subsequently released. Additionally, your Affiant has reviewed a written statement made by Adelakun to the South African Police in November of 2018. In that statement, Adelakun lists his address as South Africa but his nationality is listed as Nigerian. He further lists his Nigerian National Identification number as XXXXXXXXX6185.

Your affiant submits that there is probable cause to believe that Jyde ADELAKUN aided and abetted and conspired with others to commit a scheme to defraud Fifth Third Bank and Worldpay, in violation of 18 U.S.C. §§ 1343 (wire fraud), 1344 (bank fraud), and 1349 (conspiracy), and, accordingly, requests that the Court issue a warrant for his arrest.

John Kraemer
Special Agent
United States Secret Service

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Honorable Anthony P. Patti
United States Magistrate Judge
Eastern District of Michigan
March 17, 2020

10