# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JYDE ADELAKUN,

    Defendant.

_____/

CASE NO. 20-mj-30135

HON. KIMBERLY ALTMAN

### Government's Request To Dismiss Without Prejudice Or Hold In Abeyance Defendant's Motions (ECF Nos. 8, 10, 11, 13)

The Court issued an arrest warrant for defendant Jyde Adelakun based on a criminal complaint filed on March 17, 2020, charging Adelakun with wire fraud, bank fraud, and conspiracy. Adelakun is a fugitive who has not been arrested on the warrant issued by, physically appeared in, or submitted himself to the personal jurisdiction of, this Court. That has not dissuaded Adelakun from filing a battery of motions. For various reasons—chiefly Adelakun's fugitive status, but also mootness and procedural impropriety—Adelakun's motions should be dismissed or held in abeyance.

## BACKGROUND

On March 17, 2020, Magistrate Judge Patti signed a sealed criminal complaint charging Adelakun with wire fraud, bank fraud, and conspiracy in violation of 18

U.S.C. §§ 1343, 1344, and 1349 and issued a warrant for Adelakun's arrest. (ECF No. 1, PageID.1, 13). In sum, the complaint alleged that Adelakun and others perpetrated a scheme to defraud by running fraudulent electronic checks through a payment processing company (Worldpay), causing funds to be improperly credited to bank accounts opened in the Eastern District of Michigan at Fifth Third bank in the name of Touch of Fame Group Company (TOF Group), and then quickly transferred the fraudulently obtained funds to other bank accounts in the United States and in foreign nations. The United States also obtained from the Court sealed asset seizure warrants. (Case No. 20-mc-50585).

In approximately January 2021, authorities in the United Arab Emirates requested information about the case against Adelakun, in connection with pending criminal proceedings against Adelakun in that country. In response, the United States moved to unseal the criminal complaint. (ECF No. 4, PageID.18).

Adelakun has never been arrested on the warrant, or appeared in person in this Court to answer the charges. Instead, he has filed from afar a series of motions that appear to challenge the criminal complaint filed in March 2020 and the sealed seizure warrants, and seek other relief such as discovery and sanctions. From how far away is unclear: at least one motion appears to have been mailed by Adelakun "care of" an address in San Antonio, Texas purporting belong to "D. Adediji" of one of the purported officers of one of Adelakun's companies. *See* (ECF No. 11,

PageID.309). But Adelakun elsewhere states that he is a resident of South Africa who is being prosecuted in the United Arab Emirates, and he provided a telephone number with the international dialing code for the United Arab Emirates (+971). (ECF No. 8, PageID.29, 31).

The Court issued orders for the United States to respond to Adelakun's motions by September 17, 2017. (ECF Nos. 8, 9, 10, 11, 12).[1] On September 17, 2017, Magistrate Judge Grey signed an amended complaint. (Exhibit 1). The amended complaint has not been entered on the docket as of this filing.

## ARGUMENT

I.  **The Court should dismiss Adelakun's motions without prejudice or hold them in abeyance under the fugitive disentitlement doctrine.**

The fugitive disentitlement doctrine should bar consideration of any of Adelakun's motions in this criminal case until he appears in this Court to answer the charges against him. The fugitive disentitlement doctrine, based upon the premise of mutuality, limits a fugitive's access to the courts where he is only willing to submit his case for adjudication for the limited purpose of obtaining a favorable outcome. *See Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); *United States v.*

---

[1] Adelakun filed an additional motion that appears to be a demand for discovery. (ECF No. 13, PageID.312). The Court has not ordered the government to respond to that motion. Nevertheless, the government submits that the motion should dismissed or held in abeyance under the fugitive disentitlement doctrine too.

*Martirossian*, 917 F.3d 883, 885–86 (6th Cir. 2019); *Kacaj v. Gonzales*, 163 F. App'x 367, 368 (6th Cir. 2006); *see also In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). Refusal to consider a fugitive's motions, "promotes judicial economy because it frees judges from giving what amount to advisory opinions that are unlikely to be enforced if the court rules against the fugitive." *Martirossian*, 917 F.3d at 890. The doctrine applies equally to defendants who do not surrender themselves and refuse to submit to the court's jurisdiction and answer an arrest warrant after it has issued as to those who flee with the intent to evade justice. *Id.* (citing *Garcia-Flores v. Gonzales*, 477 F.3d 439, 442 (6th Cir. 2007) and *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017)).

Adelakun is a Nigerian national, who claims he is a current resident of South Africa, but states he is being criminally prosecuted in the United Arab Emirates. *See* (ECF No. 8, PageID.31). Adelakun obviously is aware of this criminal proceeding, but he has not been arrested on the warrants issued by this Court, he has not appeared voluntarily in person, and he has not given the Court any reason (much less a credible one) that he intends to submit to the Court's personal jurisdiction. In fact, Adelakun has not even provided the Court with his present location, but instead has signed his filings with a "care of" address of one his associates in San Antonio, Texas and a telephone number with the international dialing code for the United Arab Emirates. *See, e.g.,* (ECF No. 8, PageID.29). But any mystery as to Adelakun's present

location is not one the Court needs to solve, because it is clear where Adelakun is not: the Eastern District of Michigan.

In addition to the district court in *Martirossian*, at least one other district court within the Sixth Circuit has applied the doctrine to a pretrial motion. *United States v. Bakri*, 2014 WL 1745659, at *2–3 (E.D. Tenn. Apr. 30, 2014) (finding that defendant was a fugitive because he had remained in Jordan despite his knowledge of the indictment and retained local counsel throughout the case). Other district courts routinely apply the doctrine to pretrial motions. *See United States v. Bokhari*, 993 F.Supp.2d 936, 938 (E.D. Wis. Jan. 6, 2014) (finding that "[c]ourts have applied the doctrine, as here, to pretrial motions in criminal cases" (citations omitted)); *United States v. Chung Cheng Yeh*, 2013 WL 2146572, at *2 (N.D. Cal. May 15, 2013) (same); *United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009) (holding "that the fugitive disentitlement doctrine can apply to pretrial motions in criminal cases, subject to the discretion of the Court"); *United States v. Oliveri*, 190 F. Supp. 2d 933, 936 (S.D. Tex. 2001) (recognizing that "[a]lthough the fugitive disentitlement doctrine is often invoked during the appellate process, it also applies to pretrial motions made by fugitives in the district courts").

As the Sixth Circuit stated: "Federal courts do not play 'catch me if you can.'" *Martirossian*, 917 F.3d at 885. That is exactly the game Adelakun seeks to play with this Court, attempting to avail himself of the benefits of the rulings he seeks, while

avoiding the consequences of unfavorable outcomes by refusing to submit to the Court's authority. The Court should deny without prejudice or hold in abeyance all of his pending motions until Adelakun submits himself to this Court's jurisdiction.

### II. Most of Adelakun's claims have been rendered moot by the filing of an unsealed amended criminal complaint.

Because the Court should apply the fugitive disentitlement doctrine, the United States does not intend to consume its resources or the resources of the Court responding to the merits of the fugitive-defendant's motions. Nevertheless, on September 17, 2021, the United States submitted, and a magistrate judge signed, an amended criminal complaint and issued an arrest warrant that moot Adelakun's challenges to complaint and arrest warrant filed on March 17, 2020. (Exhibit 1).

For example, one of the chief bases for Adelakun's motions is that the complaint filed on March 17, 2020 alleged that Touch of Fame Group registered as a merchant with Worldpay in August 2018, when it was one of Adelakun's other companies, TOF Energy Corporation that registered with Worldpay. The error in the March 17 complaint was not intentional, reckless, or material. The complaint accurately alleged that Adelakun was the chief executive officer of Touch of Fame Group (as Adelakun admits in his motions), and that C.O. was listed as the chief financial officer of Touch of Fame Group. (ECF No. 1, ¶¶ 8, 10). The complaint also alleged that fraudulent electronic checks run through Worldpay were deposited into one Fifth Third bank C.O. account opened for Touch of Fame Group, transferred

to another Fifth Third bank account C.O. opened for Touch of Fame Group, and wired to other banks in the United States and foreign nations. (ECF No. 1, ¶¶ 16, 17). The complaint further alleged C.O. received instructions about setting up the bank accounts and transferring funds from Adelakun, and that bank records showed wire transfers from a Touch of Fame Group account at Fifth Third to accounts associated with Adelakun in the United Arab Emirates and South Africa. (ECF No. 1, ¶¶ 18–20). In short, any error about which of Adelakun's "TOF" corporate entities registered with Worldpay was not material. Nevertheless, the amended complaint states that TOF Energy registered as a merchant with Worldpay in August 2018. (Exhibit 1, Amended Complaint, ¶ 13).

### III. Adelakun's motions are procedurally improper.

To the extent that Adelakun seeks to challenge the criminal complaint and associated arrest warrant based on the substance of the supporting affidavit and underlying evidence, his motion is improper (in addition to being moot by Magistrate Judge Grey's signing of the amended complaint). The proper procedure for a defendant charged by complaint to challenge probable cause is to physically appear in court for a preliminary hearing. *See* Federal Rule of Criminal Procedure 5.1. As Rule 5.1 makes clear, if the magistrate judge finds probable cause, the defendant will be required to *appear* for further proceedings. Fed.R.Cr.P. 5.1(e). If the magistrate judge does not find probable cause, the complaint must be dismissed

and the defendant discharged. Fed.R.Cr.P. 5.1(f). In other words, the proper procedure for Adelakun to challenge the complaint (now the amended complaint) is to show up in court for a preliminary hearing, not to launch a fusillade of motions from Texas or a foreign country.

Adelakun also seems to seek a deposition of C.O. so that he can confront her with certain documents. That is not proper either. Rule 15 permits the Court to order the deposition of a witness in a criminal case to "preserve testimony for trial" and only "because of exceptional circumstances and in the interest of justice." Fed.R.Cr.P. 15(a)(1). The purpose of Rule 15 is "not to provide a method of pretrial discovery." *United States v. Sanford, Ltd.*, 860 F.Supp.2d 1, 3 (D.D.C. 2012); *see also United States v. Warren,* 713 F.Supp.2d 1, 3 (D.D.C.2010) ("Rule 15 permits depositions in a criminal case to preserve testimony, not to foster discovery, and only in exceptional situations."). Moreover, courts generally require a defendant seeking a deposition to "(1) establish that the testimony sought is material, (2) prove that the witnesses are unavailable to testify at trial, and (3) make some showing, beyond unsubstantiated speculation, that the evidence exculpates him." *Sanford*, 860 F.Supp.2d at 4 (quoting *United States v. Straker,* 567 F.Supp.2d 174, 180 (D.D.C. 2008). Adelakun has not shown that C.O. is not available to testify at trial, and on its face, Adelakun's request to "confront" C.O. with evidence, before trial, appears to be little more than an attempt to seek discovery. Moreover, Adelakun would have

the opportunity to confront C.O. if she were called as a witness in a preliminary hearing pursuant to Rule 5.1.

To the extent Adelakun seeks relief with respect to the seizure warrants filed under case number 20-mc-50585, the case manager for District Judge Stephen J. Murphy, III, has informed counsel for the government in that case that the government is required to respond to Adelakun's motions by September 23, 2021.

## CONCLUSION

Defendant's motions are moot, meritless, and improper. But the Court need not, and should not, decide them on the merits. The Court should dismiss defendant's motions without prejudice, or hold them in abeyance, until Jyde Adelakun submits personally to this Court's jurisdiction.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*s/Mark Chasteen*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
E-Mail: mark.chasteen@usdoj.gov

Dated: September 17, 2021

## Certificate of Service

      I certify that on September 17, 2021, I served the foregoing document to *pro se* defendant Jyde Adelakun via the following electronic mail address, from which the defendant has sent filings to counsel for the government and which the defendant indicated in filings he wished to the court to send orders:

adeljyde@gmail.com

I also will cause a paper copy of this document to be sent via the United States Postal Service to the address defendant listed on his filings:

Jyde Adelakun<br>
c/o D. Adedeji<br>
11300 Expo Blvd, #1013<br>
San Antonio, TX 78230

                                        *s/Mark Chasteen*
                                        Mark Chasteen
                                        Assistant U.S. Attorney