UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JYDE ADELAKUN,

    Defendant.

Case No. 2:20-mj-30135

Magistrate Judge Kimberly G. Altman

_____/

# ORDER DENYING DEFENDANT'S MOTIONS WITHOUT PREJUDICE[1]
## (ECF Nos. 8, 10, 11, 13)

I.    Introduction

This is a criminal case. On March 17, 2020, a magistrate judge signed a sealed complaint charging defendant Jyde Adelakun with wire fraud, bank fraud, and conspiracy, in violation of 18 U.S.C. §§ 1342, 1344, and 1349, and issued an arrest warrant. Adelakun has not been arrested on the warrant nor has he physically appeared in this jurisdiction. Nonetheless, Adelakun has filed several

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. *See* E.D. Mich. LCrR 12.1, referencing LR 7.1.

1

motions[2] challenging the complaint and related seizure warrants in which he seeks discovery and other relief, as follows:

> Motion for Extension of Time and to Vacate or Set Aside or Impeach (ECF No. 8)
>
> Motion for Speedy Relief from Fraud and Void Orders (ECF No. 10)
>
> Motion to Unseal, to Confront Chika Obianwu with Affiant Affidavits for Speedy Response as to the Authenticity in the Affiant's Affidavit Averments (ECF No. 11)
>
> Motion for Order(s) to Disclose, to Produce Supporting Affidavit, Documentary Evidence, to Answer and to Sanction (ECF No. 13)

Since the filing of the motions, the complaint has been amended. See ECF No. 15. For the reasons which follow, the motions will be DENIED WITHOUT PREJUDICE.

## II.   Background

As set forth in the complaint and amended complaint, the government alleges that Adelakun and others perpetrated a scheme to defraud by running fraudulent electronic checks through a payment processing company, Worldpay, causing funds to be improperly credited to bank accounts opened in the Eastern

---

[2] Adelakun also filed a notice of appeal from the order granting the government's motion to seal the affidavit in support of the complaint. (ECF No. 17). The Court of Appeals for the Sixth Circuit dismissed the appeal, noting that an order of a magistrate judge orders is initially reviewable by district judges and finding that court lacked jurisdiction because no judgment of conviction or sentence exists in the case. (ECF No. 23).

District of Michigan at Fifth Third Bank in the name of Touch of Fame Energy Corporation[3] and then quickly transferred the fraudulently obtained funds to other bank accounts in the United States and in foreign nations. The government also obtained sealed asset seizure warrants. *See* Case No. 20-mc-50585.

In approximately January 2021, authorities in the United Arab Emirates requested information about the case against Adelakun in connection with pending criminal proceedings against him in that country. In response, the government moved to unseal the criminal complaint. (ECF No. 4, PageID.18). As stated above, Adelakun has not been arrested on the warrant nor has he appeared in person in this Court to answer the charges.

Although Adelakun's whereabouts are not clear, at least one motion appears to have been mailed by Adelakun "care of" an address in San Antonio, Texas purporting belong to "D. Adedeji." According to the government, this is one of the alleged officers of one of Adelakun's companies. *See* ECF No. 14, PageID.364 However, Adelakun also states that he is a resident of South Africa who is being prosecuted in the United Arab Emirates, and he provided a telephone number with

---

[3] The complaint identified the entity registered with Worldpay as Touch of Fame Group, another entity associated with Adelakun. The amended complaint clarified that it was Touch of Fame Energy Corporation that registered as a merchant with Worldpay.

the international dialing code for the United Arab Emirates (+971). *See* ECF No. 8, PageID.29-31.

The Court directed the government to respond to Adelakun's motions, ECF No. 12, and the government has responded.[4] (ECF No. 14). Adelakun has submitted supplemental filings. *See* ECF Nos. 20, 21, 22. The motions are now ready for decision.

### III.    Discussion

The government argues that the fugitive disentitlement doctrine prevents consideration of Adelakun's motions until he appears in this Court to answer the charges against him. The Court agrees.

In *Molinaro v. New Jersey*, 396 U.S. 365, 365 (1970), the Supreme Court declined to hear a criminal appeal from a defendant who refused to surrender to state authorities. The Supreme Court explained,

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

---

[4] Although the government was not ordered to respond to what appears to be Adelakun's motion for discovery (ECF No. 13) because it was filed after the Court's order directing a response, the government contends that the same arguments apply to this motion.

*Id.* at 366.  "The principle articulated by the *Molinaro* Court—that those who have fled from the judicial process may not benefit from it—is known as the 'doctrine of fugitive disentitlement.' "  *United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009), *on reconsideration,* No. 94-CR-172, 2010 WL 2836727 (N.D. Ill. July 15, 2010), *aff'd,* 656 F.3d 679 (7th Cir. 2011).  The doctrine is a discretionary tool that may be invoked by courts when a defendant refuses "to surrender as ordered."  *Kacaj v. Gonzales*, 163 F. App'x 367, 368 (6th Cir. 2006).

Although the Court of Appeals for the Sixth Circuit has not yet had the opportunity to determine whether the fugitive disentitlement doctrine applies to pretrial motions in criminal cases, other district courts have concluded that it does.  *See United States v. Bakri*, No. 3:00-CR-76-TAV-CCS-2, 2014 WL 1745659, at *1 (E.D. Tenn. Apr. 30, 2014); *United States v. Bokhari*, No. 04–CR–56, 2014 WL 37349, at *2 (E.D. Wis. Jan. 6, 2014) (finding that "[c]ourts have applied the doctrine, as here, to pretrial motions in criminal cases"); *United States v. Chung Cheng Yeh*, No. CR 10–00231 WHA, 2013 WL 2146572, at *2 (N.D. Cal. May 15, 2013) (holding the same); *Kashamu*, 656 F. Supp. at 867 (holding "that the fugitive disentitlement doctrine can apply to pretrial motions in criminal cases, subject to the discretion of the Court"); *United States v. Oliveri*, 190 F. Supp. 2d 933, 936 (S.D. Tex. 2001) (recognizing that "[a]lthough the fugitive disentitlement doctrine is often invoked during the appellate process, it also applies to pretrial motions

5

made by fugitives in the district courts"); *United States v. Stanzione*, 391 F. Supp. 1201, 1202 (S.D.N.Y. April 2, 1975) (applying the doctrine and refusing to hear the defendant's motion to dismiss the indictment until he submitted to the jurisdiction of the court for full resolution of the case). The undersigned finds the above case law persuasive and joins those courts in recognizing that the fugitive disentitlement doctrine applies to pretrial motions in criminal cases, subject to the Court's discretion.

Applying the doctrine to this case, the Court must determine whether (1) Adelakun is a "fugitive," and (2) any special circumstances exist that warrant an exception to the doctrine's application. *See Kashamu*, 656 F. Supp. 2d at 867 (citing *Oliveri*, 190 F. Supp. 2d at 936). The Sixth Circuit has said that a fugitive is one who has "concealed himself with the intent to avoid prosecution. This intent can be inferred from the defendant's knowledge that he was wanted and his subsequent failure to submit to an arrest." *United States v. Greever*, 134 F.3d 777, 780 (6th Cir. 1998) (citations omitted).

As to the first prong, Adelakun is aware of the charges against him as evidenced by the filing of the instant motions. He is a Nigerian national, who says he is currently residing in South Africa and being criminally prosecuted in the United Arab Emirates. As noted above, he has not been arrested on the complaint in this case nor has he appeared voluntarily in person. Based on his filings, it does

6

not appear that Adelakun intends to submit to the Court's jurisdiction.  He has not provided the Court with his present location, he has submitting filings in "care of" an address of one of his alleged associates in San Antonio, Texas, and he has provided an international telephone number.  As the government correctly states: "any mystery as to Adelakun's present location is not one the Court needs to solve, because it is clear where Adelakun is not: the Eastern District of Michigan." (ECF No. 14, PageID.366-367).  Under these circumstances, Adelakun has purposefully avoided facing the charges against him and is therefore considered a fugitive.

As to the second prong, there are no special circumstances that would preclude application of the fugitive disentitlement doctrine in this case.  In *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988), the district court found special circumstances existed to allow defense counsel to make a special appearance on his client's behalf in order to argue the validity of the indictment.  Specifically, the district court found that special circumstances existed because the defendant was a *de facto* head of a foreign government, it was a case of first impression that involved "delicate issues," and the case was "fraught with political overtones." *Id*. at 1374-75.  In *United States v. Shapiro*, 391 F. Supp. 689, 693 (S.D.N.Y. 1975), the district court likewise refused to invoke the fugitive disentitlement doctrine on the grounds that mutuality concerns were alleviated due the defendant agreeing to surrender to the court's jurisdiction if the merits of his

7

pretrial motion were decided against him. No such circumstances exist here nor is the Court aware of any other special circumstances in this case.

Accordingly, because Adelakun is a fugitive and no exceptions exist to the application of the fugitive disentitlement doctrine, his motions must be denied. As one court put it: "until [the Defendant] is willing to submit his case for complete adjudication—win or lose—he should not be permitted to call upon the resources of the court for the determination of selective claims." *Stanzione*, 391 F. Supp. at 1202. Therefore, the Court declines to reach the merits of the motions. Rather, the motions will be denied without prejudice. Adelakun may renew his motions if and when he submits himself to this Court's jurisdiction.

In light of this determination, it is not necessary to address the government's alternative arguments that many of Adelakun's claims have been rendered moot by the filing of the amended criminal complaint and that his motions are procedurally improper.

### IV.   Conclusion

For the reasons stated above, Adelakun's motions are DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: October 26, 2021　　　　　　　　　　s/Kimberly G. Altman　　
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2021.

                                                  s/Marie E. Verlinde
                                                  MARIE E. VERLINDE
                                                  Case Manager